**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                 nring@theurbanlawfirm.com
*Counsel for Plaintiffs Trusts*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST<br><br>Plaintiffs,<br><br>v.<br><br>ENCORE EVENT TECHNOLOGIES, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, jointly and severally, complain and allege as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions

1

brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs are TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6. The Trusts are express trusts created pursuant to written Declarations of Trust ("Trust Agreements") between the Nevada Resort Association and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720 (hereinafter "Local 720"). The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

7. At all times material herein, Local 720 has been a labor organization representing employees in the entertainment industry in Southern Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8. Plaintiffs, as trustees of the Trusts, are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. At all times material to this Complaint, ENCORE EVENT TECHNOLOGIES, LLC, has been a Nevada limited liability company licensed to conduct business and domiciled in the state of Nevada.

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreements and Related Trust Agreements**

10. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. At all times material herein, there was in effect a collective bargaining agreement between Local 720 and Encore (hereinafter "Labor Agreement"). The most recent of those labor agreements was for the period of February 19, 2018 through December 31, 2022. Encore was also bound to predecessor labor agreements with Local 720. Pursuant to its Labor Agreement, Encore recognizes Local 720 as the authorized representative of all of its employees performing work covered under the Labor Agreement. Defendant has agreed to be bound to the terms of the Labor Agreement and the Trust Agreements incorporated therein.

12. By its own admission through compliance with the Labor Agreement and paying fringe benefit contributions due thereunder, Defendant has demonstrated it is obligated to the terms and provisions of the respective Labor Agreement and the Trust Agreements incorporated therein.

13. Pursuant to the terms and conditions of the Labor Agreements, and at all times relevant herein, Defendant was bound by the Declarations of Trust establishing the Trusts and is bound by the policies and procedures promulgated by the Boards of Trustees of the Trusts.

14. The respective Labor Agreements, Trust Agreements and the policies and procedures established by the Board of Trustees of each of the Trusts required Defendant to contribute monthly fringe benefit contributions to the Trusts based on a percentage of gross wages earned by or paid to employees who were covered by the Labor Agreements and to report the names of those employees and their hours worked on a monthly basis in a manner determined by the Board of Trustees of the Trusts. All work that is covered under the Labor Agreement required Encore to make contributions to the Trust Funds, whether performed by a union member or by another person.

15. Encore is an "employer" as that term is understood and defined in the Labor Agreements and related Trust Agreements.

16. Encore is an "employer" as defined and used in Section 3(5) of ERISA, 29 U.S.C. §1002(5), and, therefore, each Defendant is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. §1145. Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

17. By the terms and provisions of the Labor Agreement and related Trust Agreements, and at all times material herein, Defendant was obligated to the following:

    17.1 To prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the Labor Agreement, ii) the amounts earned by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time,

4]]>

etc.), and v) based upon the amounts earned by or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 20th day of each successive month; and

    17.2   To maintain adequate records of work performed by and amounts paid to their employees. Defendant was obligated to permit the Trusts and their agents to conduct audits of Defendant'' payroll and related records in order to determine if fringe benefit contributions had been properly paid pursuant to the respective Labor Agreements and related Trust Agreements; and

    17.3   To properly pay fringe benefit contributions to the Trusts. Benefits and/or other withholdings were to be made on a monthly basis, and at specified percentages based on the amounts earned or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

18.    In late 2017 and early 2018, Rubin Brown, LLP, on behalf of the Plaintiffs, began an audit of the payroll and related records of Encore.

19.    Rubin Brown was unable to obtain certain necessary documents, which included 1099 forms of Encore, which caused the Trustees to refer Encore to Trust Funds' counsel, The Urban Law Firm, for the purpose of obtaining production of the missing documents. Counsel sent a letter on March 8, 2018 to Encore requesting the missing documentation.

20.    Following the demand from Plaintiffs' counsel, Encore produced the missing documents, which allowed Rubin Brown to complete its audit procedures. Following completion of audit procedures, Rubin Brown released results of its audit.

21.    Upon receiving the auditor's results, Encore objected and issued a written objection on October 1, 2018. Encore objected to several categories of contributions that were included in the results. It also objected to payment of damages, audit fees and other amounts.

22.    Following Encore's written objections, it produced additional information in January 2019 it claimed would to substantiate its objections. The Trustees directed Rubin Brown to review the information supplied by Encore.

23. During review, only certain objections of Encore were substantiated and those were removed from inclusion in the audit results. However, many other objections were not found supportable under law and the agreements and remained in revised audit schedules that were produced by Rubin Brown.

24. On June 27, 2019, revised audit schedules for the audit period of June 1, 2015 through January 31, 2018 were produced to Encore. The revised schedules showed the following amounts owed:

| Contributions | $ 87,528.84 |
| Interest | $ 26,480.01 |
| Audit Fees | $ 48,722.00 |
| Attorney's Fees | $   8,027.00 |
| TOTAL: | $170,757.85 |

25. In addition to these amounts, the Labor Agreement and Trust Agreements require liquidated damages of 20% of contributions owed be paid by delinquent employers like Encore. Thus, liquidated damages are owed in the amount of $17,505.76 on top of the figure above.

26. Upon receiving the revised schedules, Encore requested additional time to review the schedules.

27. In August 2019, Encore made additional objections to the revised schedules. It claimed additional amounts should not have been included in the schedules and it also objected to paying any audit fees or attorney's fees and costs. The Trustees disagree with Encore's positions.

28. The Trust Agreements and collection procedures adopted by the Boards of Trustees of the Trusts provide employers will pay any and all legal and auditing costs when employers are referred by the Boards of Trustees to legal counsel for assistance in allowing an auditor to complete an audit or for the purpose of collecting amounts owed, whether before or after litigation is commenced. Encore was referred for this purpose in March 2018.

29. It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining Encore's compliance with the applicable Labor Agreements and Trust Agreements.

30. Pursuant to the applicable Labor Agreements and Trust Agreements, the Trusts are entitled to an award of their reasonable attorney's fees incurred to enforce the Labor Agreement and Trust Agreements even if no amounts are shown to be owed after the audit.

### SECOND CLAIM FOR RELIEF
### Breach of 29 U.S.C. § 1145

31. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. 29 U.S.C. § 1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

33. Encore is obligated to make contributions under the terms of its labor agreement and under the terms of the trust agreements. Its failure to pay contributions to the Plaintiffs is a violation of 29 U.S.C. § 1145.

34. Under 29 U.S.C. § 1132(g)(2), a plan, like Plaintiffs here, who recovers unpaid contributions is entitled to recover liquidated damages, interest, audit fees, and attorney's fees and costs.

35. Plaintiffs are entitled to recover the damages stated in 29 U.S.C. § 1132(g)(2) from Encore.

**WHEREFORE**, the Trusts pray for judgment against Encore, as follows:

1. For unpaid fringe benefit contributions in amounts as proven;
2. For damages for breach of contract in amounts as proven;
3. For liquidated damages in amounts as proven;
4. For auditor costs, expenses, and fees in amounts as proven;
5. For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages until paid in full;
6. For the Trusts' reasonable attorney's fees;
7. For the Trusts' costs of suit incurred herein; and

8. For such additional relief as this Court deems just and proper.

Dated:  September 19, 2019              **THE URBAN LAW FIRM**

                                                */s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                     nring@theurbanlawfirm.com
***Counsel for Plaintiff Trusts***